## MOSES HALL *v.* ELIJAH MOOR.

THIS was an action of trefpafs for taking two horfes, two cows, and a fteer.

*Moor* was a conftable, and an execution of a judgment before a juftice againft *Richard Hall,* a fon of *Mofes,* was put into his hands. *Mofes* had, about two years before, removed, from the plantation on which he formerly lived, to another about fixteen miles diftant from it, and left his fon *Richard,* a married man with a family, in poffeffion of his plantation and the cattle in queftion, together with fmith-tools and other property. *Moor* took the cattle in execution, and fold them for the debt of *Richard.* Two warrants from the juftice, who had given the judgments againft *Richard Hall,* were offered in evidence.

*Meafon,* for the plaintiff, objected to them, becaufe they were not directed to any one, but to the conftable of                    ; and becaufe they were dated 12th *May,* 179 . *Moor* is not conftable of the townfhip in which *Richard Hall* lives, where the cattle were taken.

*Lyon,* for the defendant. The twenty pound law is to be confidered as diftinct from the other laws giving jurifdiction to juftices. The 9th fection fays, " upon delivery of an execution to any conftable." Thefe warrants are for debts above 10*l.* and we can prove, that they were delivered to *Elijah Moor,* a conftable.

PRESIDENT. No anfwer has been given to the objection. We fee no authority given to *Elijah Moor.* The omiffion is too grofs to be overlooked.

*Kennedy* and *Lyon,* for the defendant, moved for a nonfuit. This action is not maintainable. The plaintiff was not in poffeffion, and poffeffion is neceffary to

§ *St. L.* 540.

support trefpafs. The plaintiff ought to have brought 1798.
Trover, when he could have recovered, on proving
property in himfelf, and converfion by the defendant.
This is decided in the cafe of *Ward v. Macauley.* There 4 *T. Rep.* 489.
the plaintiff had leafed his houfe ready furnifhed to lord
*Mountfort.* On an execution againft the tenant, the
fheriff feized part of the furniture, though he had notice
that it was the property of the landlord *Ward.* For
this, trefpafs was brought. At the trial lord *Kenyon*
thought, the plaintiff fhould have brought trover. A
verdict however was taken for the value of the goods,
with leave to move for a nonfuit. On a motion for this
purpofe, lord *Kenyon* faid, " The diftinction between
the actions of *trefpafs* and *trover* is well fettled: the for-
mer is founded on poffeffion, the latter on property.—
Here the plaintiff had no poffeffion; his remedy was by
an action of trover, founded on his property in the goods
taken." The rule for a nonfuit was made abfolute.
The cafe before this court is fo like that cafe, that I
cannot doubt, that a nonfuit will be ordered here.

It may be faid that, in that cafe, there was a leafe
for a limited time. In this cafe there is a furrender of
the poffeffion fimilar to that. In that cafe, there was a
leafe, which fixed the terms on which the poffeffion was
given. In this, none but the father and the fon knew
the terms, and a deceit was impofed on all others.

Trefpafs is not maintainable where poffeffion is in
another by delivery; except in cafes of neceffity that 3 *Woodefon,*
there may be a remedy for a right. A rector may 263.
maintain trefpafs for taking tythes fet out, for poffeffion
is conftrued to follow feparation. So may a carrier from
principles of policy, to protect commerce in a fluctuat-
ing ftate. Here, there is no neceffity for a conftructive
poffeffion in the father : the relation fubfifting between
him and his fon will rather couple a right with the fon's
poffeffion ; and the father may have remedy againft the
fon. And, having parted with the poffeffion, he is ex-
cluded from the remedy of an action of trefpafs which
is given for a violation of poffeffion; and muft recur to
trover, by which redrefs is given for a violation of
right. Property alone will not alone fupport trefpafs.
If trees be cut by a ftranger on land leafed, the owner
muft bring trover, and the tenant trefpafs,

1798.    *Campbell* and *Meafon,* for the plaintiff. The cafe of *Ward* and *Macauley* differs from this cafe. There, the plaintiff had parted with the ownerfhip of his property, for a limited time; and the tenant had an intereft, which might be feifed by his creditors. Here, there was no contract for any time; and the plaintiff might take them when he pleafed. *Richard Hall* had no intereft to be taken. He was a mere agent, and had only a care or overfight of the property, as a butler or fervant. Trefpafs lies for breaking open a box, delivered to keep, and taking goods out of it; for wherever a man has neither a general nor a fpecial property, and he converts goods, trefpafs will lie.

*Bull. Ni. Pri.* 83.

PRESIDENT. It is contended that *Mofes Hall* cannot fupport trefpafs, becaufe he had not poffeffion of the property taken, at the time of the taking, and poffeffion being effential in trefpafs, the plaintiff muft be nonfuited; and may bring trover, which can be fupported on property alone without poffeffion.

*4 T. Rep.* 490

On the other hand, it is contended, that property alone without poffeffion will fupport trefpafs; and that, (if it were otherwife) in this cafe, the poffeffion of the fon is the poffeffion of the father, for the fon was but his agent.

*Bull. Ni. Pri.* 83.
*See* 5 *Bac. Abr.* 164.
5 *Com. Dig.* 577-8.

There is a material difference between trefpafs and trover. Trover waves the trefpafs in taking, admits the poffeffion to have been lawfully gotten, and proceeds to recover damages only for the unlawful converfion. In trefpafs, a jury may alfo give damages for the taking.

3 *Woodefon,* 212.
1 *Burr.* 31.

The motives are peculiarly ftrong to fupport this diftinction, in favour of an officer compellable to take the goods of a certain perfon, when property ought to be prefumed from poffeffion, and the taking to be viewed in the moft favourable light, and, if poffible, not as a trefpafs.

However, as it is to be wifhed, that the difpute between thefe parties may be foon terminated, and there are circumftances, which may induce the jury to find for the defendant; we will not direct a nonfuit, but give the defendant leave to move for a nonfuit after the verdict.

*Lyon* and *Kennedy,* for the defendant, contended, that poffeffion was evidence of property, or of a fraduient

intention to deceive creditors, which would be equiva-     1798.
lent.    If one taking goods in execution, leave them in
the poffeffion of the owner, a fubfequent execution will     2 *T.Rep.* 596
take and hold them.

*Campbell* and *Meafon*, for the plaintiff.    This is not
an action againft a conftable, but againft *Elijah Moor*,
who, though a conftable, has not been able to fhew any
authority for taking the goods in queftion.    There was
no collufion nor deception of creditors : all the country
knew the property to be in *Mofes Hall*.

PRESIDENT.  The firft queftion is, whether the pro-
perty be the plaintiff's, or his fon's.    If his fon's,  the
plaintiff has fuffered no damage, and can recover no-
thing.    If the plaintiffs', you will find in damages the
value of the property taken, but no more ; for, having
left the property in poffeffion of his fon, he gave reafon
to believe, that it was his fon's, and an officer, under
fuch circumftances, ought not to be punifhed.

2. Poffeffion is evidence of property, or of a frau-
dulent collufion between the owner and poffeffor ; and
he, who gives the credit, muft bear the lofs.   The
queftion then will be, whether *Mofes Hall*, in leaving
this property in the poffeffion of his fon, did any thing
more, than is ufually done, without implying any right;
or, whether he meant it as an advancement to his fon;
or, though he did not mean it fo, whether he gave rea-
fon to believe this, and, thereby, gave a falfe credit to
his fon.    If he either meant that the cattle in queftion
fhould be the property of his fon, or that this fhould
be believed, you will confider the property as accom-
panying the poffeffion, and you ought to find for the
defendant..

The Jury found a verdict for the plaintiff, damages
43*l.* 17*s.* 6*d.*

NOTE. A nonfuit was moved for at the next term. But
as the court, to induce the parties to a compromife, had
given no opinion, when thefe notes were concluded ; I
have incorporated the arguments and obfervations on the
motion for a nonfuit after verdict, with thofe made on
the trial.